# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2626

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Joe Daniel Robinson, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 9, 2004

Filed: April 22, 2004

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and COLLOTON, Circuit
Judges.

_____

PER CURIAM.

Joe Daniel Robinson pleaded guilty to being a felon in possession of a firearm
in violation of 18 U.S.C. § 922(g)(1). After finding that Robinson had three prior
violent felony convictions, the district court[1] sentenced him under the Armed Career
Criminal Act (ACCA), 18 U.S.C. § 924(e), imposing a term of imprisonment greater
than the statutory maximum allowed for a violation of 18 U.S.C. § 922(g)(1).

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District
of Minnesota.

Robinson appeals, arguing that the ACCA does not apply because one of the convictions considered by the district court was actually a juvenile adjudication. He contends therefore that the sentence imposed by the district court violates due process. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be proved to a jury beyond a reasonable doubt). Whether a juvenile adjudication qualifies as a prior conviction under Apprendi is a question that we answered in the affirmative in United States v. Smalley, 294 F.3d 1030 (8th Cir.), cert. denied, 537 U.S. 1114 (2003) (holding that a juvenile adjudication is a prior conviction for Apprendi purposes). Accordingly, the sentence is affirmed.

_____